**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nationwide Mutual Fire Insurance Co., Respondent,

v.

Sharmin Christine Walls, Randi Harper, Wendy Timms in her capacity as Personal Representative of The Estate of Christopher Adam Timms, and Deborah Timms, Defendants,

Of Whom Sharmin Christine Walls and Randi Harper are the Appellants.

Appellate Case No. 2022-000669

---

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-107
Submitted March 1, 2024 – Filed March 27, 2024

---

**AFFIRMED**

---

Michael F. Mullinax, of Mullinax Law Firm, P.A., of Anderson, for Appellant Sharmin Christine Walls; John Kirkman Moorhead, of Moorhead LeFevre, PA, of Anderson, for Appellant Randi Harper.

John Robert Murphy, of Murphy & Grantland, PA, of Columbia, for Respondent.

---

**PER CURIAM:** This appeal arose from a declaratory judgment action filed by Nationwide Mutual Fire Insurance Co. against Sharmin Christine Walls and Randi Harper (collectively Appellants) and others to determine whether certain exclusions in an automobile policy issued by Nationwide to Walls could be applied to limit the amount of coverage available after the insured vehicle was involved in a serious single-car collison. In 2016, the circuit court signed an order in which it found Appellants were entitled to coverage up to the full limits of the policy, subject to reductions for amounts Nationwide had already paid. Nationwide appealed the order, which our supreme court ultimately upheld in 2021. *See Nationwide Mut. Fire Ins. Co. v. Walls*, 433 S.C. 206, 858 S.E.2d 150 (2021). After the case was remitted, Appellants moved for post-judgment interest on the amounts they claimed the circuit court awarded them in the 2016 order. The circuit court denied relief, and this appeal followed. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

To the extent Appellants have relied on paragraph (A) of section 34-31-20 of the South Carolina Code (2020) as a basis for relief, we hold this argument was not preserved for appellate review because it was not raised to or ruled on by the circuit court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic than at issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

We further hold the circuit court correctly denied Appellants' motion for post-judgment interest based on its finding that there was no money decree or judgment enrolled or entered to entitle them to this relief. *See* S.C. Code Ann. § 34-31-20(B) (2020) ("A money decree or judgment of a court enrolled or entered must draw interest according to law."). Although Appellants showed the 2016 order was filed in the Anderson County clerk's office on February 29, 2016, there was no indication in the record that an enforceable money decree or judgment in the case was entered as required by the South Carolina Rules of Civil Procedure. *See* Rule 58(a)(2), SCRCP ("Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and entered in the record."); Reporter's Note to Rule 54, SCRCP ("The judgment under Rule 58 is a separate document, *distinct from underlying opinions, decisions and other orders*.

Its use will simplify entry, execution, enforcement and proof of judgment, and should state simply and directly the recovery or relief granted." (emphasis added)).

Based on our decision to affirm the denial of post-judgment interest pursuant to section 34-31-20(B), we decline to address Nationwide's argument that relief was also correctly denied because of a stipulation agreement that the parties executed while the declaratory judgment action was pending in the circuit court. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating that when a prior issue is dispositive of an appeal, the appellate court does not need to address any remaining issues).

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.